Ralph C. Eucker and Nancy J. Eucker v. Commissioner.
Eucker v. Commissioner
Docket No. 274-62.
United States Tax Court
T.C. Memo 1963-334; 1963 Tax Ct. Memo LEXIS 9; 22 T.C.M. (CCH) 1749; T.C.M. (RIA) 63334; December 24, 1963
*9 Leon E. Mendel, for the petitioners. W. Dean Short, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1960 in the amount of $121.21. The issue for decision is whether petitioners are entitled to a dependency credit for Ralph C. Eucker's daughter. Findings of Fact Petitioners, husband and wife residing in Columbus, Ohio, filed a joint Federal income tax return for the calendar year 1960 with the district director of internal revenue at Cincinnati, Ohio. On this return petitioners claimed an exemption for Ralph C. Eucker's daughter, Elaine Eucker, with the following explanation: Mr. Eucker's daughter was 18 as of October 15, 1960. Up thru that date, we paid the sum of $60.00 per month for her support. For the year of 1960, we paid $570.00, which constitutes over half of her total support. In case, additional proof is needed, we have cancelled checks in the amount of $570. Ralph C. Eucker (hereinafter referred to as petitioner) and Marion C. Eucker were married at Cleveland, Ohio on August 9, 1941, and one child was born of that marriage, Elaine *10 Eucker. The marriage of petitioner and Marion resulted in a divorce, and the divorce decree was entered in the Court of Common Pleas of Cuyahoga County, Ohio on May 18, 1949. In accordance with this decree of divorce, Elaine Eucker was given into the custody of her mother, Marion, and petitioner was required to pay to Marion $30 semimonthly for the support of Elaine until Elaine became 18 years old. From the date of the entry of the decree of divorce until October 15, 1960, when Elaine became 18 years old, petitioner made these semimonthly payments. During the year 1960 petitioner paid $570 for the support of his daughter, Elaine. Elaine was graduated from high school in May of 1960 and after her graduation began working. Petitioner alleged error in respondent's determination that he was not entitled to the claimed dependency exemption for Elaine. Opinion The record in this case is totally devoid of evidence to show whether the $570 paid by petitioner for the support of Elaine constituted more than 50 percent of her support during the year 1960. Since it is incumbent upon petitioner to show that he contributed more than 50 percent of the support of a child in order to be *11 entitled to a dependency exemption for that child, petitioner has failed to prove error on the part of respondent in denying to him the claimed dependency exemption for Elaine. Walter H. Mendel, 41 T.C. - (Oct. 10, 1963). Petitioner testified at the trial, and in his testimony stated that he did not know how much was expended on Elaine's support in the year 1960, how long during that year Elaine was employed, or what income she received from such employment. It is petitioner's position that the deficiency is so small that the cost of subpenaing witnesses to testify would be greater than the amount of the deficiency. Petitioner contends that the burden should be upon respondent to show the facts with respect to the amount expended for Elaine's support and who is entitled to a dependency exemption for Elaine. The law is otherwise. Walter H. Mendel, supra. Decision will be entered for the respondent.